# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**SAMUEL KEITH WILDER,**

        Plaintiff,

v.

                              Civil Action No.     2:14-CV–24
                              (BAILEY)

**OFFICER E. PAYNE, et al.,**

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 22]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Trumble filed his R & R on October 28, 2014, wherein he recommends this Court dismiss the plaintiff's Complaint. [Doc. 1]. The R & R also recommends that this Court deny as moot plaintiff's Motion to Amend the Complaint [Doc. 18] and Motion for Injunctive Relief [Doc. 21]. This Court granted plaintiff's Motion for an Extension of Time to File a Response [Doc. 25]. Therefore, petitioner's objections to Magistrate Judge Trumble's R & R are timely and this case is ripe for adjudication.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See ***Thomas v. Arn,*** 474 U.S.

140, 150 (1985). Accordingly, this Court will review those portions of the R & R to which the petitioner objected under a *de novo* standard of review. The remaining portions will be reviewed for clear error. For the reasons stated below, this Court adopts Magistrate Judge Trumble's R & R.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, a federal inmate incarcerated at FCI Gilmer, filed the instant complaint alleging sexual harassment by correctional officers. The Plaintiff alleges eight instances of sexual harassment that occurred from October 2011 to February 2014. See Compl. 1–6, Doc. 1. In all of these instances, correctional officers allegedly made offensive sexual comments. The R & R discusses these allegations in detail, therefore, this Court will dispense with the same. The plaintiff does not allege any inappropriate physical contact by correctional officers in either the Complaint or his objections to the R & R. Rather, the plaintiff argues that these incidents of sexual harassment constituted psychological abuse and violate his constitutional rights under the Eighth Amendment. *Id.* 2–4. Notably, as discussed in the R & R, the plaintiff did not attempt to resolve these complaints through the administrative process.

Although not specifically stated in the Complaint, the Magistrate Judge correctly construed this Complaint as a ***Bivens*** action alleging a violation of the Eighth Amendment. *See generally* ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1999). After filing his Complaint, plaintiff filed a motion entitled Amendment to Civil Right Complaint [Doc. 18], asking for an award of monetary damages. Then, on September 21, 2014, plaintiff filed a Motion for Injunctive Relief under 18 U.S.C. § 3626

-2-

[Doc. 21], which is actually a motion for discovery.

On October 28, 2014, Magistrate Judge Trumble concluded that plaintiff's Complaint should be dismissed for two reasons. First, plaintiff failed to exhaust administrative remedies as required by the Prisoner Reform Litigation Act ("PLRA"). See 42 U.S.C. § 1997e. Second, plaintiff's Complaint fails to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

When a prisoner files an action contesting the conditions of confinement, the courts are required to screen the prisoner's cases and, among other things, assess whether the prisoner's complaint "state[s] a claim on which relief may be granted . . .." *Id.*; *see also* **Jones v. Bock**, 549 U.S. 199, 202 (2007). When assessing the sufficiency of a complaint, courts must accept all well-plead allegations as true. *See* **Slade v. Hampton Roads Reg'l Jail**, 407 F.3d 243, 248 (4th Cir. 2005). "Moreover, when such a dismissal involves a civil rights complaint, we must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Id.* (internal quotation marks omitted).

The Eighth Amendment prohibits the cruel and unusual punishment of an individual convicted of a crime. Const. amend. VIII. For a prisoner to succeed on an Eighth Amendment claim, two requirements must be met. First, the inmate must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." **Shakka v. Smith**, 71 F.3d 162, 166 (4th Cir. 1995); *see also* **Farmer v. Brennan**, 511 U.S. 825, 834 (1994) (citations omitted). The first prong is an

objective standard, prompting the Court to ask "[w]as the deprivation sufficiently serious serious?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, the prison officials must have "sufficiently culpable state of mind." *Id.* The *Farmer* Court held that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; see also *Rish v. Johnson*, 131 F.3d 1092 (4th Cir. 1997).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Because plaintiff did not object to the Magistrate Judge's determination that the plaintiff failed to exhaust administrative remedies, this Court reviews this section for clear error. Upon review for clear error, this Court is of the opinion that the R & R accurately reflects the law applicable to this case.

### B. Failure to State a Claim

Magistrate Trumble also recommended dismissal of the Complaint for plaintiff's failure to state a claim. This Court's review of the relevant case law compels the same conclusion as Magistrate Judge Trumble: the plaintiff's claims of sexual harassment are not sufficiently serious to constitute cruel and unusual punishment.

In the R & R, Magistrate Judge Trumble discusses several circuit court cases that addressed situations more egregious than the instant case. In each, the court determined that the prisoner did not suffer from cruel and unusual punishment. *See also Adkins v.*

*Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995) (finding that prisoner did not have an actionable claim when inmate alleged that a correctional officer made several sexually suggestive comments to her over the course of a ten week period and on one occasion entered the inmate's prison cell while she was sleeping and made unwanted sexual comments).

For instance, in *Boddie v. Schnieder*, the prisoner alleged that a correctional officer, on a number of occasions, sexually harassed and engaged in unwanted sexual touching. On one occasion, the prisoner alleged that a correctional officer "squeezed his hand, touched his penis and said 'You know your [sic] sexy black devil, I like you.'" 105 F.3d 857, 860 (2d. Cir. 1997). The Second Circuit reasoned his claims were neither "cumulatively egregious in the harm they inflicted" nor was any single incident "severe enough to be 'objectively, sufficiently serious'" to constitute an Eighth Amendment violation. *Id.* at 861. Here, the allegations do not rise to the level of those made by the plaintiff in *Boddie*. First, plaintiff does not allege any physical contact. Second, like in *Boodie*, these incidents were sporadic and isolated in nature; plaintiff alleges eight incidents over a twenty-eight month period of time. In his objections, plaintiff argues the defendants' sexual harassment constitutes psychological abuse, and these incidents caused him to experience anxiety, depression, and insomnia. However, as discussed above and in the R & R, isolated incidents of verbal sexual harassment fail to rise to the level of "sufficiently serious" to constitute an Eighth Amendment violation.

## IV. CONCLUSION

Therefore, upon careful review of the above, it is the opinion of this Court that the

Report and Recommendation [Doc. 22] should be, and is, hereby **ORDERED ADOPTED** for the reasons stated above. Accordingly, the plaintiff's Complaint [Doc. 1] is **DISMISSED** and plaintiff's Objections [Doc. 26] are **OVERRULED**. Further, this Court **ORDERS** that plaintiff's Motion to Amend his complaint [Doc. 18] and his Motion for Injunctive Relief [Doc. 21] be **DENIED AS MOOT.** This Court further **DIRECTS** the Clerk to enter judgment in favor of the defedants and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

DATED: December __1__, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE